THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DAVID C. JURICIC,  Plaintiff,  v.  ROBERT J. SHELBY,  Defendant. | REPORT AND RECOMMENDATION  Case No. 2:25-cv-00550-TC-JCB  District Judge Tena Campbell  Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] For the reasons explained below, the court recommends striking pro se Plaintiff David C. Juricic's ("Mr. Juricic") complaint and closing this case.

### BACKGROUND

When Mr. Juricic initiated this civil case, he failed to satisfy two fundamental requirements. First, Mr. Juricic failed to either pay the filing fee as required by 28 U.S.C. § 1914 and DUCivR 3-1 or submit a motion to proceed without paying the filing fee as required by 28 U.S.C. § 1915 and DUCivR 3-2. Second, Mr. Juricic submitted an unsigned complaint[2] in violation of Fed. R. Civ. P. 11(a), which provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented" and that "[t]he

---

[1] ECF No. 3.

[2] ECF No. 1.

court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."

Consequently, the court issued an order on September 2, 2025, requiring Mr. Juricic to, on or before September 12, 2025: (1) either pay the full filing fee or submit a fully completed and signed motion to proceed without paying the filing fee; and (2) submit a signed complaint.[3] The court warned Mr. Juricic that if he failed to satisfy those requirements in a timely manner, the court would recommend striking his complaint and closing this case.[4]

Mr. Juricic failed to meet those requirements by September 12, 2025. However, on September 16, 2025, Mr. Juricic submitted an unsigned document in which he asserts that: (1) the court's order "is totally without legal merit"; (2) "[r]equiring payment for filing a court case violates" the First Amendment, the Fifth Amendment, and United States Supreme Court precedent; and (3) certain caselaw indicates that, as a pro se litigant, Mr. Juricic is not required to sign his pleadings, written motions, or other papers submitted to the court.[5]

## RECOMMENDATION

By his own admission, Mr. Juricic has not satisfied—and apparently refuses to satisfy—the requirements set forth in the court's order. Further, the authorities Mr. Juricic cites in his submission provide no support his contention that he is not subject to those requirements.[6]

---

[3] ECF No. 6 at 2.

[4] *Id*.

[5] ECF No 7 at 1.

[6] In his submission, Mr. Juricic also "request[s] a meeting with Judge Bennett in his chambers with a legal representative of [Mr. Juricic's] choosing during the week of September 22, 2025[,] to reconsider" the imposition of the requirements in the court's order. *Id*. at 2. The court must

Therefore, the court HEREBY RECOMMENDS that Mr. Juricic's complaint be stricken and that this case be closed.

### NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[7] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[8] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 18th day of September 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

deny that request because: (1) the court does not—and cannot—hold ex parte meetings in chambers; and (2) Mr. Juricic provides no basis for the court to reconsider the order.

[7] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[8] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).